```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Lance A. Voeltner,              :

    Plaintiff,               :

  v.                             :       Case No. 2:07-cv-0943

General Electric Company,       :       JUDGE MARBLEY
et al.,
                               :

    Defendants.

<u>ORDER</u>

    This case is a personal injury products liability action in which plaintiff claims that he contracted a painful and potentially fatal disease as a result of exposure to a contrast dye product manufactured by the defendants.  The defendants have moved to stay each case pending a decision by the Judicial Panel on Multidistrict Litigation, which has been asked to create a new multidistrict case for these and other similar actions.  Plaintiff, who filed the motion with the Panel, opposes a general stay of these actions.  For the following reasons, the motion for a stay will be granted in part.

    Both parties have cited a number of cases which address the issue of whether cases subject to a motion to transfer to the Panel should be stayed until that matter can be resolved.  Each party also advances arguments as to the appropriate standard for determining whether such a stay is appropriate.  In the Court's view, the best-reasoned case, and the one that sets forth the proper standard, is a case cited by defendants, <u>Rivers v. The Walt Disney Co.</u>, 980 F.Supp. 1358 (C.D. Cal. 1997).  <u>Rivers</u> holds that the court to which the motion for stay is directed has

substantial discretion to determine whether to grant a stay, and that the appropriate factors to consider in exercising that discretion are any prejudice to the non-moving party if a stay is granted, any prejudice to the moving party if a stay is not granted, and the extent to which judicial economy and efficiency would be served by the entry of a stay.  The Court will therefore consider these factors in determining whether to grant the motion for a stay.

The plaintiff makes the argument in support of his claim that hardship will ensue if the stay is granted.  The motion to transfer is not scheduled to be heard by the Judicial Panel on Multidistrict Litigation until January, 2008.  It is uncertain when a ruling will issue.  It is also uncertain that the ruling will create multidistrict litigation or direct a transfer of these cases to a court other than the Southern District of Ohio.  For these reasons, any stay entered by the Court would be of indeterminate duration.

The plaintiff is gravely ill.  It is important for the plaintiff to prosecute his case as promptly as possible.  A stay of indefinite duration would make such prompt prosecution more difficult, without any assurance that the stay will serve any particular purpose.  Under these circumstances, the plaintiff asserts that some discovery and other pretrial proceedings should occur even while the Judicial Panel on Multidistrict Litigation is considering the motion to transfer.

To counter these arguments, defendants note that the very purpose of transfer and consolidation of cases into multidistrict litigation is to insure that all relevant discovery and other pretrial proceedings take place in a coordinated fashion and that none of the parties are subjected to either duplicative discovery or the risk of inconsistent decisions on pretrial matters.  Consequently, they argue that they will be prejudiced absent a

stay because the plaintiff will conduct discovery which may well have to be repeated if multidistrict litigation ensues, and that neither judicial efficiency nor economy would be served by having this Court become involved in pretrial proceedings and make rulings which may later turn out to be inconsistent with the way in which any potential transferee court wishes to handle similar matters.  They also note that, with minor exceptions, Judge Polster from the United States District Court for the Northern District of Ohio has entered a similar stay in cases filed in that court involving the same product and which are also subject to a motion to transfer to the Judicial Panel on Multidistrict Litigation.

There are many cases where the outcome of a motion for a stay is easily determined.  For example, where cases have been removed from state court and the court's jurisdiction over those cases has been challenged by way of a motion for remand, courts ordinarily decide that motion even while a motion to transfer is pending.  They do so because the motion to remand, if granted, would eliminate both the need for the transferee court to decide the motion and the need for the parties to conduct discovery in other proceedings before a court which lacks jurisdiction.  On the other hand, where multidistrict litigation has been created, the case subject to the motion for stay is likely a tag-along action, and the Panel's decision is expected promptly, it is unlikely that a stay would prejudice the plaintiffs' interest, and a stay is ordinarily granted.  This case falls somewhere in the middle.  Both parties' arguments about the likely impact of either granting or denying a stay have some merit.

After considering both parties' positions, the Court concludes that a blanket stay is not warranted at this time.  Such a stay would, as plaintiff points out, be of indeterminate duration, but would likely last for 90 days or more.

Additionally, there is no guarantee that this case will ever be subject to pretrial proceedings in any court but this one. Consequently, the plaintiff should be permitted to make some progress toward getting his case resolved. At the same time, however, there is an opportunity to achieve greater judicial efficiency if some pretrial proceedings do not occur until it is determined whether multidistrict litigation will be authorized and will include this case.

Without more information, the Court cannot presently determine whether any discovery or other pretrial proceedings in which the plaintiff wishes to engage can reasonably occur without risking unnecessary or duplicative pretrial proceedings, or whether any such discovery or the pretrial proceedings can be deferred for 90 days or more without unduly prejudicing the plaintiff. Such matters must be resolved on a case-by-case basis. Consequently, the motion for a stay (#12) is granted in part and denied in part. Any pretrial proceeding which can reasonably be deferred or which would create a significant risk of duplicative discovery proceedings or inconsistent pretrial rulings is stayed until a decision on the motion to transfer is made by the Judicial Panel on Multidistrict Litigation. Other matters, however, may proceed. The parties shall confer about both existing discovery requests and discovery requests likely to be made by plaintiff, or other pretrial matters in which plaintiff might wish to engage, within the next 90 days, with a view toward reaching an agreement as to which proceedings may go forward and which are subject to the stay. If the parties are unable to agree, they shall contact the Court for an informal conference to determine whether the stay order applies to any particular proceeding or discovery request. The motion to strike (#16) is denied.

Any party may, within ten (10) days after this Order is filed,

file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge